IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3-13-00161 |
| v. | ) | |
| | ) | |
| CHARLES JASON JONES | ) | |

O R D E R

The defendant's motion to reconsider detention order and reopen detention hearing based upon changed circumstances and new evidence (Docket Entry No. 14) is DENIED.

The defendant has not provided any changed circumstances that would justify reconsideration of the detention order.

The defendant is charged by an indictment in this District with one count of conspiracy to commit wire fraud, mail fraud and bank fraud in violation of 18 U.S.C. § 1349, two counts of bank fraud in violation of 18 U.S.C. §§ 1344 and 2, one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2, and one count of money laundering in violation of 18 U.S.C. §§ 1957 and 2.

The defendant was arrested in the Northern District of Georgia and had a hearing in that District on the government's motion for detention on December 5, 2013, at the conclusion of which the defendant was detained on the basis of risk of flight and danger to the community.

The defendant requests that the detention hearing be reopened to allow the defendant to show that he is not a flight risk because he retained counsel over five years ago in the event he were charged in this case and he has not attempted to flee in the interim, and to show that the agent relied on the fabricated testimony of the defendant's ex-wife and erroneous factual information when he testified that the defendant intends to flee to Turkey where there is no extradition treaty, when, in fact, there is such a treaty, as well as erroneous information that his mother owns property in Mexico. The defendant also seeks to reopen the detention hearing to address the fabricated testimony of his ex-wife and/or a cooperating witness about allegations of violence, to show that he legally possessed

two handguns, which he sold in 2011, and to propose that property owned by his mother and step-father with equity of over $1,000,000.00 be posted as bond.

It is the undersigned's position that the Court is not permitted to consider detention on the basis of danger to the community under 18 U.S.C. § 3142(f)(1). However, any opinion the undersigned Magistrate Judge may have about the propriety of a detention order that relies on proof relating to the defendant's danger or any erroneous information on which the Northern District relied does not constitute change of circumstances. The fact that Turkey and the United States have an extradition treaty is not new.[1] Proof could have been presented to establish that fact and to rebut the agent's testimony suggesting that there was no such treaty. The purpose or circumstances surrounding the defendant's one trip to Turkey is not new. The fact that the defendant's mother does not have property in Mexico is not new. The defendant's ownership and sale of handguns is not new. The defendant did not posit any reason why his mother and step-father could not have posted their property as a condition of the defendant's release at his detention hearing in the Northern District of Georgia. In short, there is nothing in the defendant's motion to show any change of circumstances since the December 5, 2013, hearing, and there is no indication that any of the proof or testimony that the defendant now proposes was not available to him at the time of the detention hearing.

The defendant may file a motion for review of this order and/or the order of detention entered in the Northern District of Georgia to be considered by the Honorable William J. Haynes, Jr., Chief Judge, in accord with 18 U.S.C. § 3145.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[1] Had the United States and Turkey entered into an extradition treaty since the detention hearing was held, there would have been changed circumstances, but that is not the case.